**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3267
_____

DAVID Q. WEBB,
Appellant

v.

ATTORNEY JAMES P. HALL, Co-owner; KIMBERLY A. PARKS, Legal Assistant;
MARY F. FITZPATRICK, Legal Assistant; ELENA K. WENTZ, Legal Assistant;
NATIONAL GENERAL INSURANCE COMPANY – Headquarters; COPART,
INCORPORATED; SEDGWICK CLAIMS MANAGEMENT SERVICES,
INCORPORATED; AMAZON.COM INCORPORATED, [Amazon Commercial Auto
Insurance Policy]; ZURICH AMERICAN INSURANCE COMPANY, [Policy No. BAP
14670104]; PHILLIPS MCLAUGHLIN & HALL, P.A.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:22-cv-00600)
District Judge: Honorable Gregory B. Williams
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on June 1, 2023

Before: SHWARTZ, BIBAS, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: June 2, 2023)
_____

_____

OPINION*

_____

**PER CURIAM**

David Webb, proceeding pro se, appeals an order of the United States District Court for the District of Delaware dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). For the reasons that follow, we will affirm.

Webb suffered a car accident. He filed a complaint against a law firm, firm employees, insurance companies, and other entities related to his legal representation, insurance coverage, and the sale of his vehicle after the accident. The District Court dismissed the complaint on the grounds that Webb's claims were either frivolous or he failed to state a claim upon which relief may be granted. The District Court allowed Webb to amend many of his claims, but Webb did not file an amended complaint within the prescribed time. The District Court then issued an order dismissing his case. This timely appeal followed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

As recognized by the District Court, Webb claims in Counts I and II of his complaint that Phillips, McLaughlin & Hall, P.A. and other defendants discriminated against him based on his race in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court granted Webb's motion for an extension of time to file his appeal.

2

(Count I), and/or 42 U.S.C. § 1981 (Count II). Webb is black, and he alleges that the defendants refused to provide him the same legal representation, insurance coverage, or access to his vehicle that is afforded to white citizens. However, Webb alleges no supporting facts. And the exhibits attached to his complaint do not support his discrimination claims. The District Court thus did not err in dismissing these claims. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring that a complaint contain sufficient factual matter to "'state a claim to relief that is plausible on its face'") (citation omitted).[2]

In Counts III, IV, and V, Webb pursues claims under 42 U.S.C. § 1983. He asserts that the defendants violated his rights under the Fourth and Fourteenth Amendments in connection with the seizure and sale of his vehicle. He also claims that he was denied his right to equal protection in the handling of his insurance claims. The District Court dismissed these claims on the ground that the defendants are not state actors, as required for a claim under § 1983. See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Webb argues on appeal that James Hall is a state actor because he is an officer of the court. This contention, however, lacks merit. Polk County v. Dodson, 454 U.S. 312, 318 (1981); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). In addition, Webb has not shown that the defendant insurers are state actors based on his contention

---

[2] On appeal, Webb has filed what appears to be a proposed amended complaint. He alleges that his lawyer, defendant James Hall, and three firm employees told him that he was "being [d]ifferentiated from the Non-African American Clients" of the firm in his representation. Supp. Brief at 6. Even if we were to consider this new allegation, it is insufficient to state a plausible claim.

that they must comply with statutes governing car insurance. Webb has not shown that the District Court erred in dismissing these claims.

The District Court also dismissed Webb's state law claim for legal malpractice against James Hall (Count VI). Webb alleges that Hall did not convey a settlement offer by National General Insurance Company to him. A legal malpractice claim under Delaware law has three elements: "'a) the employment of the attorney; b) the attorney's neglect of a professional obligation; and c) resulting loss.'" Country Life Homes, LLC v. Gellert Scali Busenkell & Brown, LLC, 259 A.3d 55, 59 (Del. 2021) (citation omitted). The District Court ruled that Webb did not allege facts suggesting that there was a resulting loss. Webb argues on appeal that he lost the proceeds of the settlement offer, which he would have accepted.

To the extent the District Court required Webb to aver that an underlying suit against the insurer would have been successful but for Hall's negligence, see Dist. Ct. Mem. Opinion at 7, the loss of a judgment is not the only way to show resulting loss. Country Life Homes, 259 A.3d at 59-60. An attorney's negligence can cause damage in other ways. Id. at 60. Nonetheless, Webb's allegations are insufficient to state a plausible claim. Neither the complaint nor the exhibits upon which Webb relies contain factual matter suggesting that Hall failed to convey a settlement offer by National General Insurance Company or that such an offer was made. His claim was thus properly dismissed.

In Count VII, Webb claims intentional infliction of emotional distress by Hall, who allegedly refused to confirm that he had conveyed Webb's settlement demand to certain insurers and lied about not receiving an offer from National General Insurance Company.

4

Webb also claims that defendant Copart, Incorporated intentionally inflicted emotional distress by unlawfully seizing and selling his vehicle after the accident. We agree with the District Court that Webb fails to state a claim for relief. Webb does not allege conduct by either defendant that "'exceeds the bounds of decency and is regarded as intolerable in a civilized community.'" See Dollard v. Callery, 185 A.3d 694, 704 (Del. Super. Ct. 2018) (citation omitted) (defining outrageous conduct required for an intentional infliction of emotional distress claim under Delaware law).

Finally, to the extent Webb disputes the District Court's dismissal of his vicarious liability claims (Claim VIII), he has presented no argument as to these claims and has thus forfeited any challenge in this regard. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-47 (3d Cir. 2017).

Accordingly, we will affirm the judgment of the District Court.